UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SULLIVAN ROBINSON                            CIVIL ACTION

VERSUS

BASF CORPORATION                          NO. 17-399-JJB-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 13, 2017.

                                                       RICHARD L. BOURGEOIS, JR.
                                                       UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| SULLIVAN ROBINSON | CIVIL ACTION |
| VERSUS | |
| BASF CORPORATION | NO. 17-399-JJB-RLB |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 6). The motion is opposed. (R. Doc. 8).

**I.  Background**

On May 12, 2017, Sullivan Robinson ("Plaintiff") initiated this action against his former employer BASF Corporation ("BASF" or "Defendant") in the 23rd Judicial District Court, Ascension Parish, Louisiana. (R. Doc. 1-1, "Petition"). Plaintiff alleges that he was employed by "BASF as a MRO warehouse technician in the maintenance department at the BASF facility in Zachary, Louisiana." (Petition, ¶ 3). Plaintiff further alleges that he "was notified of a buy out by BASF to employees in the maintenance department equal to two (2) weeks for every year of service with BASF and its predecessors in interest," which Plaintiff calculates to be "approximately seventy (70) weeks of pay" in his case. (Petition, ¶ 5). Plaintiff further alleges that he was informed by a human resources representative of BASF that he was not eligible for the buy out, and ultimately terminated from employment on May 30, 2014 without a buy out. (Petition, ¶¶ 6-7). Plaintiff, who contends that he was in fact a member of the BASF maintenance department, seeks recovery of a lump sum payment of 70 weeks of pay, as well as

penalties and attorney fees pursuant to La. R.S. 23:631 and La. R.S. 23:632. (Petition, ¶¶ 5, 13-14).

On June 23, 2017, BASF removed the action, asserting that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (R. Doc. 1). BASF asserts that there is complete diversity of citizenship because Plaintiff is a citizen of Louisiana and BASF is a citizen of Delaware and New Jersey. (R. Doc. 1 at 4). BASF further asserts that the amount in controversy requirement is satisfied because a calculation of the wages and penalties sought by Plaintiff total $85,289.60 without consideration of recoverable attorney's fees. (R. Doc. 1 at 6). BASF submitted a declaration from its human resources representative indicating that on December 18, 2012, BASF assigned Plaintiff an hourly wage of $24.23. (R. Doc. 1-2 at 1). Based on this hourly wage, BASF calculates the amount of back pay sought by Plaintiff to be $67,844.00 ($24.23 x 40 hours x 70 weeks), and the amount of penalties sought by Plaintiff to be $17,445.60 ($24.23 x 8 hours x 90 days). (R. Doc. 1 at 5-6).

On July 24, 2017, Plaintiff filed the instant Motion to Remand, asserting that the amount in controversy requirement is not satisfied. (R. Doc. 6). Plaintiff submits an "Irrevocable Stipulation of Damages" dated July 24, 2017 providing that he stipulates that he will not accept a judgment, and renounces his right to enforce a judgment, in excess of $75,000. (R. Doc. 6-2).

## II.     Arguments of the Parties

In support of remand, Plaintiff asserts that the submission of his post-removal stipulation both clarifies that the amount in controversy requirement is not satisfied and establishes "with legal certainty" that the amount in controversy is not satisfied. (R. Doc. 6-1 at 3-4).

In opposition, BASF argues that it has met its burden of establishing that the amount in controversy requirement is satisfied based on its calculations and supporting declaration

submitted with the Notice of Removal. (R. Doc. 8 at 4). BASF further argues that Plaintiff cannot establish that he is legally certain to recover less than $75,000 because the stipulation was submitted post-removal and the amount in controversy is not ambiguous in light of BASF's calculations of the damages sought. (R. Doc. 8 at 5-8).

## III.   Law and Analysis

### A.   Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . permits the recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions, and are required to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

B.  **Analysis**

As the parties do not dispute that there is complete diversity, the only issue with regard to diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a).

Plaintiff is seeking recovery of potential back pay, penalties, and attorney's fees pursuant to the Louisiana Wage Repayment Act. Upon discharge or resignation of an employee, an employer has a duty "to pay the amount then due under the terms of employment." La. R.S. 23:631(A)(1). An employer's failure to comply with La. R.S. 23:631 triggers the penalty provision found at La. R.S. 23:632. If the penalty provision applies, then the employer is exposed to up to an additional ninety days of wages. La. R.S. 23:632(A)-(B). Furthermore, a successful plaintiff is statutorily entitled to reasonable attorney's fees. La. R.S. 23:632(C).

In the Petition, Plaintiff states that he is seeking to recover approximately 70 weeks of pay, as well as penalties and attorney's fees. Plaintiff identifies himself as a "warehouse technician" without identifying his rate of pay. Neither party asserts that the amount in controversy is facially apparent based solely on the allegations in the Petition. In the absence of any specific details in the Petition regarding the alleged back pay and penalties due, the Court concludes that the amount in controversy is not facially apparent. The Court will now consider whether BASF has met its burden of establishing that the amount in controversy requirement is satisfied by setting forth facts in controversy that support a finding of the jurisdictional minimum.

In support of removal, BASF submitted a declaration from its human resources representative indicating that on December 18, 2012, BASF assigned Plaintiff an hourly wage of $24.23. (R. Doc. 1-2 at 1). The declaration further provides that Plaintiff experienced an on-the-

job injury on August 15, 2012, and received worker's compensation and disability benefits from that point, but not any wages from BASF. (R. Doc. 1-2 at 2). Plaintiff does not challenge the calculation of his hourly wage at $24.23 or otherwise submit any evidence to controvert the assertions in the foregoing declaration.

Based on the hourly rate of $24.23, BASF calculates that Plaintiff would have been paid $969.20 per 40-hour work week ($24.23 x 40 hours = $969.20). (R. Doc. 1 at 3; R. Doc. 8 at 3). Based on Plaintiff's allegation that he is entitled to 70 weeks of pay, BASF asserts that Plaintiff is seeking a total of $67,844.00 of back pay in general damages ($969.20 x 70 weeks = $67,844.00). (R. Doc. 1 at 5; R. Doc. 8 at 2-3). In addition, BASF calculates that Plaintiff is seeking a total of 90 days of back pay in penalties, for a total of $17,445.60 ($24.23 x 8 hours x 90 days = $17,445.60). (R. Doc. 1 at 6; R. Doc. 8 at 3). Together, the back pay and penalties sought total $85,289.60. (R. Doc. 1 at 6; R. Doc. 8 at 4). Plaintiff does not challenge the underlying hourly rate of pay or the foregoing calculations.

In addition to recoverable back pay and penalties, Plaintiff is seeking potential attorney's fees recoverable pursuant to La. R.S. 23:632(C) are included in determining the jurisdictional amount under 28 U.S.C. 1332(a). *See Foret v. S. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990) (citations omitted). These amounts can be significant. *See*, *e.g.*, *Chesterfield v. Genesis Hospice, L.L.C.*, 137 So.3d 22 (La. App. 1st Cir. 2013) (attorney's fee award of $5,000 where plaintiff was awarded $4,300 in unpaid past wages, vacation leave, and mileage reimbursement); *Webb v. Roofing*, 121 So.3d 756 (La. App. 2nd Cir. 2013) (attorney's fee award of $35,000 where unpaid and penalty wages totaled approximately $26,000); *Jeansonne v. Schmolke*, 40 So. 3d 347 (La App. 4th Cir. 2010) (attorney's fee award of nearly $23,000 where unpaid and penalty wages totaled approximately $44,000). Given the standard one-third

contingency fee, Plaintiff's potential recoverable attorney's fees, given the amount of back pay and penalties calculated above, are over $25,000.00.

While Plaintiff does not challenge the potential recoverable amounts as calculated above, he asserts that any ambiguity with regard to the amount in controversy is clarified by his submission of a post-removal binding stipulation. The Fifth Circuit has endorsed a narrow situation in which a unilateral post-removal stipulation can clarify that the amount in controversy is not satisfied where the following three elements have been met: "(1) [T]he complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above $[75],000; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present." *Marcel v. Pool Company*, 5 F.3d 81, 85 (5th Cir. 1993) (quoting *Asociacion Nacional de Pescadores (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993)); *see also McGlynn v. Huston*, 693 F. Supp. 2d 585, 596 (M.D. La. 2010) (considering post-removal affidavit regarding the amount in controversy where defendant "failed to carry his burden of proof upon removal and the amount in controversy remains ambiguous"); *Royal Cosmopolitan, LLC v. Star Real Estate Group, LLC*, 629 F. Supp. 2d 594, 597 (E.D. La. 2008) ("When the amount in controversy is ambiguous, as it is here, the nonremoving party may submit [a post-removal] affidavit to clarify the amount of damages sought.").

The narrow grounds announced in the *ANPAC* decision are not satisfied because Defendants provided specific summary judgment type evidence at the time of removal indicating Plaintiff's hourly wages and calculating the amounts potentially recoverable by Plaintiff under

7

the Louisiana Wage Repayment Act. Plaintiff has not controverted those calculations. Under these circumstances, the Court concludes that the post-removal stipulation, while considered for the purposes of clarifying the amount in controversy at the time of removal, does not establish that that the jurisdictional amount was not satisfied at the time of removal. In other words, BASF has met its burden of establishing that the amount in controversy was satisfied at the time of removal based on its submissions in support of removal.

Furthermore, Plaintiff's post-removal stipulation does not establish that there was a "legal certainty" that Plaintiff would not recover $75,000 at the time of removal. A plaintiff may only prove that there is a "legal certainty" that the amount in controversy requirement is not satisfied if he or she has made "all information known at the time he files the complaint" that would have a bearing on the amount in controversy. *De Aguilar*, 47 F.3d at 1412. Even if Plaintiff's post-removal stipulation is binding, it does not establish that there was a "legal certainty" that the amount in controversy was not satisfied at the time of removal.[1] Given that the Court has concluded that the amount in controversy was satisfied at the time of removal, Plaintiff's post-removal stipulation does not deprive this Court of jurisdiction. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("[O]nce the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction."); *Pollet v. Sears Roebuck and Co.*, 46 F. App'x 226, 2002 WL 1939917, at *1 n.5 (5th Cir. 2002) (noting that plaintiff "was free, but failed, to file a binding stipulation to the court **prior to removal** indicating that she would seek no more than

---

[1] Plaintiff's affidavit is dated July 24, 2017, the day the Motion to Remand was filed. (R. Doc. 6-2). The affidavit provides that the amount in controversy limitation "existed both at the time I filed this action in Louisiana State Court and at the time that this action was removed to this Federal Court." No such limitation is contained in the petition and there is no affidavit before the Court that existed or was filed prior to removal. In addition, Louisiana Code of Civil Procedure Art. 893 provides that if a specific amount of damages is necessary to establish "the lack of jurisdiction of federal courts due to the insufficiency of damages," then a general allegation "that the claim exceeds or is less than the requisite amount is required." No such allegation was provided in the petition.

8

$75,000 in damages. Such a stipulation timely filed could have prevented removal.") (emphasis added); *see also St. Paul Mercury Indem. Co.*, 303 U.S. at 292 ("And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction).

**IV.     Conclusion**

Based on the foregoing, **IT IS RECOMMENDED** Plaintiff's Motion to Remand (R. Doc. 6) be **DENIED.**

Signed in Baton Rouge, Louisiana, on October 13, 2017.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**